JUDGE CASTEL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

12 CIV 9027

LINCOLN EVEREST, AMRIT SINGH, KAZI
MOHAMMAD J. UDDIN, KISHORE NAIK and
AUGUSTINE GOMES, individually and on behalf
of all others similarly situated,

Civil Action No. 12 CIV 9027

**CLASS AND COLLECTIVE ACTION**
**COMPLAINT FOR DAMAGES,**
**RESTITUTION AND INJUNCTIVE**
**RELIEF**

Plaintiffs,

vs.

**JURY TRIAL DEMAND**

BOMBAY PALACE, CHATWAL HOTEL &
RESORTS, LLC, 30 W 52 RESTAURANT, LLC,
and SHABRI, LLC,

RECEIVED
DEC 12 2012
U.S.D.C. S.D.N.Y.
CASHIERS

Defendants.

Plaintiffs Lincoln Everest, Amrit Singh, Kazi Mohammad J. Uddin, Kishore Naik, and

Augustine Gomes, individually and on behalf of all others similarly situated, by their attorneys,

The Ottinger Firm, PC, allege, upon personal knowledge and upon information and belief as to

other matters, as follows:

**PRELIMINARY STATEMENT**

1.       This is a collective and class action brought by Individual and Representative

Plaintiffs Lincoln Everest, Amrit Singh, Kazi Mohammad J. Uddin, Kishore Naik, and

Augustine Gomes and all putative plaintiffs (collectively "Plaintiffs"), on their own behalf and

behalf of the proposed class identified below.  Plaintiffs and the putative class members were or

are employed by Defendants Bombay Palace (the "Restaurant") and Chatwal Hotel & Resorts,

LLC, 30 W 52 Restaurant, LLC and Shabri, LLC (together "Defendants") as wait staff and other

comparable positions (i.e. waiters, busboys, runners, expeditors, floor managers, captains,

maîtres d' and bartenders or all "tipped" non-management employees) and were denied payment

of (i) minimum wage, (ii) overtime premium compensation, (iii) "spread of hours" pay, (iv)

earned wages which were subject to improper deductions in the form of unlawful "tip pooling"

and/or (v) unlawful retention of earned service gratuities for catering/banquet events (pursuant to

New York Labor Law ("NYLL") § 196-d and as set forth by *Samiento v. World Yacht, Inc.*, NY

Ct. of App., 2/14/08) as required by federal and state wage and hour laws.  Plaintiffs are

similarly situated under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      The FLSA Class is made of all persons who are or have been employed by

Defendants as "tipped" non-management employees (*i.e.*, waiters, busboys, runners, expeditors,

floor managers, captains, maîtres d' and bartenders) paid on an hourly basis who worked at

Defendants' restaurant located at 30 West 52nd Street, New York, NY within three years prior to

this action's filing date through the date of the final disposition of this action (the "FLSA Class

Period") and who were subject to Defendants' unlawful practice of (i) failing to pay minimum

wage, (ii) failing to pay overtime premiums for all hours worked in excess of 40 hours per

workweek, (iii) unlawful retention of tips from the employees regular tip pool and/or (iv)

unlawful retention of earned service gratuities for catering/banquet events.

3.      The New York Class is made up of made of all persons who are or have been

employed by Defendants as "tipped" non-management employees (*i.e.*, waiters, busboys,

runners, expeditors, floor managers, captains, maîtres d' and bartenders) paid on an hourly basis

who worked at Defendants' restaurant located at 30 West 52nd Street, New York, NY within six

years prior to this action's filing date through the date of the final disposition of this action (the

"New York Class Period") and who were subject to Defendants' unlawful practice of (i) failing

to pay minimum wage, (ii) failing to pay overtime premiums for all hours worked in excess of 40

hours per workweek, (iii) failing to pay "spread of hours" pay, (iv) unlawful retention of tips

from the employees regular tip pool and/or (v) unlawful retention of earned service gratuities for catering/banquet events.

4.      During the Collective and New York Class Periods, Defendants set the FLSA and New York Class members' hours, compensation, and job duties through common policies applicable to all hourly "tipped" non-management employees, and controlled all aspects of their day-to-day employment, required them to work from the Company's locations and supervised their work, making them "employees" and Defendants their "employer" within the meaning of all applicable statutes.

5.      During the FLSA and New York Class Periods, Defendants unlawfully failed to pay all "tipped" non-management employees (*i.e.*, waiters, busboys, runners, expeditors, captains, floor managers, maîtres d' and bartenders): (i) minimum wage, (ii) overtime premiums for all hours worked in excess of 40 hours per workweek, (iii) "spread of hours" pay and/or (iv) tips which were subject to improper deductions by the Defendants from the employees regular tip pool and/or (iv) earned service gratuities for catering/banquet events which were subject to unlawful retention by the employer.   Plaintiffs seek relief on behalf of the New York Class pursuant to the applicable provisions of the New York Labor Law, and on behalf of the FLSA Class pursuant to the Fair Labor Standards Act, to remedy the Defendants' failure to pay all wages due and in addition to injunctive relief.

## PARTIES

6.      Individual and representative Plaintiff Lincoln Everest is a resident of Queens in the State of New York.   Mr. Everest was employed by Defendants at their restaurant located at 30 West 52nd Street, New York, NY as a captain since 2011.   In this position, Mr. Everest supervised the Restaurant's wait staff and also waited tables, bussed tables and did anything else

necessary or required for the operation of the dining room. At all relevant times herein, Mr. Everest met the definition of an "employee" under all relevant statutes.

7.      Individual and representative Plaintiff Amrit Singh is a resident of Yonkers in the State of New York. Mr. Singh was employed by Defendants at their restaurant located at 30 West 52nd Street, New York, NY as a waiter since May 2012. At all relevant times herein, Mr. Singh met the definition of an "employee" under all relevant statutes.

8.      Individual and representative Plaintiff Kazi Mohammad J. Uddin is a resident of Queens in the State of New York. Mr. Uddin was employed by Defendants at their restaurant located at 30 West 52nd Street, New York, NY as a bartender, waiter, busser and/or dishwasher since 1998. At all relevant times herein, Mr. Uddin met the definition of an "employee" under all relevant statutes.

9.      Individual and representative Plaintiff Kishore Naik is a resident of Fairview in the state of New Jersey. Mr. Naik was employed by Defendants at their restaurant located at 30 West 52nd Street, New York, NY as a floor manager and/or maître d' since May 2012. In these positions, Mr. Naik supervised the Restaurant's wait staff and also waited tables, bussed tables and did anything else necessary or required for the operation of the dining room. At all relevant times herein, Mr. Naik met the definition of an "employee" under all relevant statutes.

10.      Individual and representative Plaintiff Augustine Gomes is a resident of Jamaica in the state of New York. Mr. Gomes was employed by Defendants at their restaurant located at 30 West 52nd Street, New York, NY as a food runner and/or food expeditor since April 2009. At all relevant times herein, Mr. Gomes met the definition of an "employee" under all relevant statutes.

11.     Defendant Bombay Palace is, upon information and belief, a corporation organized and existing in the state of New York with a principal place of business of 30 West 52nd Street, New York, NY.  Defendant Bombay Palace is a fine dining Indian restaurant.

12.     Defendant Chatwal Hotels & Resorts, LLC is a domestic limited liability corporation organized and existing in the state of New York with a principal place of business in New York, NY.  Upon information and belief, Defendant Chatwal Hotels & Resorts, LLC owned and/or operated the Restaurant during the relevant time period.

13.     Defendant 30 W 52 Restaurant, LLC is a domestic limited liability corporation organized and existing in the state of New York with a principal place of business in New York, NY.  Upon information and belief, Defendant 30 W 52 Restaurant, LLC owned and/or operated the Restaurant during the relevant time period.

14.     Defendant Shabri, LLC is a domestic limited liability corporation organized and existing in the state of New York with a principal place of business in New York, NY.  Upon information and belief, Defendant Shabri, LLC owned and/or operated the Restaurant during the relevant time period.

15.     Upon information and belief, the Restaurant is an enterprise engaged in commerce or in the production of goods for commerce. The Restaurant is an enterprise because it performs its related activities for a common business purpose.  The Restaurant is engaged in commerce or in the production of goods for commerce, because, *inter alia*, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendants' annual gross volume of business is at least $500,000.00.

16.     Defendants, either directly or indirectly, have hired and/or fired Plaintiffs and other employees, controlled Plaintiffs' work schedules and conditions of employment, determined the rate and method of payment, and kept at least some records regarding his employment.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the FLSA, 29 U.S.C. §§ 207 *et seq.* This Court also has supplemental jurisdiction over the Plaintiffs' New York law claims pursuant to 28 U.S.C. § 1367.

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial portion of the wage violations that give rise to Plaintiffs' claims occurred in the Southern District of New York.

## COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiffs bring this action on behalf of themselves and other employees similarly-situated as authorized under 29 U.S.C. § 216(b). The employees similarly-situated are:

**FLSA Class:**          All "tipped" waiters, busboys, runners, expeditors, captains floor managers, maîtres d' and bartenders (or other similar positions) paid on an hourly basis who worked at Defendants' restaurant located at 30 West 52nd Street, New York, NY within three years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful practice of (i) failing to pay minimum wage and/or (ii) failing to pay overtime premiums for all hours worked in excess of 40 hours per workweek and/or (iii) unlawful retention of tips from the employees regular tip pool and/or (iv) unlawful retention of earned service gratuities for catering/banquet events.

20.     Defendants employed Plaintiffs during the FLSA Class Period.

21.     On information and belief, Defendants have employed more than 50 other employees who fall within the FLSA Class.

22.     By way of example only, Defendants control how much the FLSA Class members are paid, maintain all time records for the FLSA Class members, assign and supervise all of the tasks given to the FLSA Class members, and maintain and exercise control as to how the FLSA Class members are to perform their tasks.

23.     As a result, each of the class members are "employees" entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

24.     However, at all times during the FLSA Class Period, Defendants, as a matter of policy, failed to pay the FLSA Class members overtime premiums for hours all worked in excess of 40 hours per workweek.

25.     As part of their employment, Defendants routinely required Plaintiffs and other members of the FLSA Class to work in excess of 60 hours per workweek without ever paying them overtime premium pay.

26.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Class.

27.     Defendants similarly unlawfully retained and/or deducted from Plaintiffs' earned tips/gratuities by taking a percentage of all service employees' shift "tip pool".

28.     Defendants similarly unlawfully retained and/or deducted from Plaintiffs' earned tips/gratuities by taking all or a percentage of all mandatory gratuities assessed at banquets or events and billed to clients as "service" gratuities.

29.     Defendants paid Plaintiffs and the FLSA Class a wage below the statutory minimum because they received tips while working as a wait staff for Defendants, and

Defendants believed their gratuities equaled or exceeded the difference between the statutory minimum wage and what Defendants paid them (the "tipped minimum wage").

30.     Defendants claimed a "tip credit" for the difference between the statutory minimum wage and what they paid Plaintiffs and the putative class.

31.     In addition to claiming a "tip credit," as discussed above, Defendants unlawfully retained Plaintiffs' tips by reducing Plaintiffs' "tip pool" and taking a percentage of mandatory service gratuities.

32.     Further, Defendants failed to notify Plaintiffs of the amount of cash wage the Defendants were paying Plaintiffs as tipped employees, the additional amount claimed by the Defendants as a tip credit, that the tip credit claimed by the Defendants could not exceed the amount of tips actually received by the tipped employee; that all tips received by the tipped Plaintiffs were to be retained by the Plaintiffs except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit would not apply to any tipped Plaintiffs unless the employee has been informed of these tip credit provisions.

33.     As such, Defendants used Plaintiffs' tips for reasons other than as a credit against their minimum wage obligation to the employee or in furtherance of a valid tip pool.

34.     Given these failures, Defendants cannot use the tip credit provisions and therefor were required to pay the Plaintiffs at least the full federal minimum wage in wages and allow the tipped employee to keep all tips received.

35.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Class, and as such, notice should be sent to the FLSA Class.  There are numerous similarly situated current and former employees of Defendant who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a

Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

36.     Plaintiffs brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**New York Class:**   All "tipped" waiters, busboys, runners, expeditors, captains, floor managers, maîtres d' and bartenders paid on an hourly basis who worked at Defendants' restaurant located at 30 West 52nd Street, New York, NY within six years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful practice of (i) failing to pay minimum wage compensation and/or (ii) overtime premiums for all hours worked in excess of 40 hours per workweek and/or (iii) unlawful retention of tips from the employees regular tip pool and/or (iv) unlawful retention of earned service gratuities for catering/banquet events and/or (v) failing to pay "spread of hours" pay.

37.     At all times during the New York Class Period, Defendants, as a matter of policy, did not pay Plaintiffs or the New York Class members minimum wage or overtime premium pay for all hours worked in excess of 40 hours per workweek and made illegal deductions from the class members' tips/gratuities.

38.     The facts as alleged in Paragraphs 19-35 with respect to the putative class and the FLSA Class period are similarly true for the New York Class and the New York Class Period.

39.     At all times during the New York Class Period, Defendants failed to pay Plaintiffs and the New York Class "spread of hours" pay for all hours worked more than 10 in a work day.

40.     Numerosity:   The proposed New York Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that

during the relevant time period, Defendants employed over 50 persons who satisfy the definition of the proposed New York Class.

41.     Typicality:     Plaintiffs' claims are typical of the members of the Proposed New York Class.  Plaintiffs are informed and believes that all "tipped" waiters, busboys, runners, expeditors, floor managers, captains, maîtres d' and bartenders paid on an hourly basis were subject to the aforementioned unlawful policies during the New York Class Period.  All Plaintiffs were subject to Defendants' policy and practice of unlawfully depriving class members of minimum wage and/or overtime premium compensation for all hours worked in excess of 40 hours per workweek and/or unlawfully retaining a percentage of Plaintiffs' earned tips distributed through a "tip pool" and/or unlawfully retaining service gratuities for banquet/party events and/or failing to pay "spread of hours" pay for all hours over 40 in a workweek.  Plaintiffs had the same or similar duties and responsibilities as other New York Class members.

42.     Superiority:     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43.     Adequacy:     Plaintiffs will fairly and adequately protect the interests of the proposed New York Class, and has retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

44.     Commonality:  Common questions of law and fact exist to all members of the proposed New York Class and predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

45.     Whether Defendants unlawfully failed to pay appropriate minimum wage and overtime compensation to members of the Proposed New York Class in violation of NYLL;

46.     Whether Defendants unlawfully retained earned tips and service gratuities to members of the Proposed New York Class in violation of NYLL;

47.     Whether Defendants employed Plaintiffs and the proposed New York Class within the meaning of New York law;

48.     Whether Defendants should be enjoined from continuing the practices that violate the FLSA and the NYLL;

49.     Whether Defendants are liable to the proposed New York Class;

50.     The proper measure of damages sustained by the proposed New York Class; and

51.     Whether Defendants' actions were "willful."

52.     The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

53.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the proposed New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the proposed New York Class the wages to which they are entitled. The damages suffered by the individual proposed New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In

addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

54.     Plaintiffs intend to send notice to all members of the proposed New York Class to the extent required by Rule 23.  The names and addresses of the proposed New York Class are available from Defendants.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Unlawful Failure to Pay Overtime Compensation under the Fair Labor Standards Act)**

55.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

56.     Plaintiffs consent in writing to be a part of this action, pursuant to 20 U.S.C. § 216(b).  Plaintiff's written consent form is attached hereto and/or will be filed separately. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as Plaintiffs.

57.     At all relevant times, Defendants have been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs and the FLSA Class members.  At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

58.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

59.     During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other FLSA Class members worked in excess of forty hours per workweek without overtime compensation.  Despite the hours worked by Plaintiffs and the

FLSA Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them overtime compensation.

60.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 20 U.S.C. §§ 201 et seq.

61.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

62.     Plaintiffs, on behalf of themselves and the FLSA Class, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)

63.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

64.     At all relevant times, Plaintiffs and the New York Class members were "employees" and Defendants their "employer" within the meaning of the New York Labor Law.

65.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

66.     Defendants have failed to pay Plaintiffs and the New York Class members the overtime wages to which they were entitled under the New York Labor Law.

67.     By Defendants' failure to pay Plaintiffs and the New York Class members premium overtime wages for all hours worked in excess of 40 hours per workweek, Defendants have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting

New York State Department of Labor Regulations, including but not limited to the regulations in

12 N.Y.C.R.R. Part 142.

68.     Due to Defendants' violations of the New York Labor Law, Plaintiffs and the

New York Class members are entitled to recover from Defendants their unpaid overtime wages,

reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION
### (FLSA: Unpaid Minimum Wage)

69.     Plaintiffs allege and incorporate by reference the allegations in the preceding

paragraphs.

70.     Defendants' practices of requiring Plaintiffs and the members of the FLSA Class

to pay a portion of their tips to ineligible persons and/or the house were and are in violation of

the FLSA. 29 U.S.C. § 203(m).

71.     Accordingly, Plaintiffs and the members of the FLSA Class are entitled to the

minimum wage for each hour worked, to the amounts they were required to tip-out to the illegal

"tip pool," and the excess conversion fee charge that Defendants levied upon them.

72.     Defendants were similarly not eligible to avail themselves of the federal tipped

minimum wage rate under 29 U.S.C. § 203(m) because Defendants failed to inform Plaintiffs

and the FLSA Class of the provisions of Section 203(m) of the FLSA and unlawfully retained a

portion of Plaintiffs and the FLSA Class' tips.

### AS AND FOR A FIFTH CAUSE OF ACTION
### New York Labor Law: Unpaid Minimum Wage

73.     Plaintiffs allege and incorporate by reference the allegations in the preceding

paragraphs.

74.     New York law similarly prohibits employers from requiring tipped employees to share tips with non-service employees or managers. N.Y. Labor Law § 196–d.

75.     Under the law, 29 U.S.C. § 203(m) and § 196–d bar the same types of tipping practices, and actions that violate the tip pooling provision of 29 U.S.C. § 203(m) also violate § 196–d.

76.     Defendants' practices of requiring Plaintiffs and the members of the FLSA Class to pay a portion of their tips to ineligible persons and/or the house were and are in violation of and § 196–d.

77.     Accordingly, Plaintiffs and the Members of the New York Class are entitled to the minimum wage for each hour worked, to the amounts they were required to tip-out to the illegal "tip pool," and the excess conversion fee charge that Defendants levied upon them.

78.     Defendants were similarly not eligible to avail themselves of the state tipped minimum wage rate because Defendants failed to inform Plaintiffs and the New York Class of the provisions of Section 203(m) of the FLSA and unlawfully retained a portion of Plaintiffs and the FLSA Class' tips.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (New York Labor Law: Unpaid Tip Retention)

79.     Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

80.     At all relevant times, Plaintiffs and the members of the New York Class have been employees within the meaning of NYLL § 190, et seq, and any supporting New York State or Department of Labor regulations.

81.     At all relevant times, each Defendant has been an employer, agent and or an officer within the meaning of NYLL § 196-d and any supporting New York State Department of Labor regulations.

82.     Defendants violated Article 6, § 196-d by unlawfully deducting from wages earned by Plaintiffs and the New York Class by retaining tips pooled for service employees and/or unlawful retention of earned service gratuities for catering/banquet events.  In making the Deductions, Defendants unlawfully retained the tips Plaintiffs and the New York Class received from customers, and Plaintiffs and the New York Class consequently did not retain all of the tips they were paid.

83.     Because Defendants unlawfully retained tips paid by customers by Plaintiffs and the New York Class, Defendants were not entitled to the "tip credit" and were therefore required to pay Plaintiffs and the New York Class at the statutory minimum wage.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (New York Labor Law: Spread of Hours Pay)

84.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

85.     Consistent with their policy and pattern or practice, Defendants have willfully failed to pay Plaintiffs and the members of the New York Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of himself and the classes, prays for relief as follows:

1.    That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

2.    That Defendants are found to have violated the provisions of the New York Labor Law as to Plaintiffs and the New York Class;

3.    That Defendants are found to have violated the Federal Fair Labor Standards Act as to Plaintiffs and the FLSA Class;

4.    That Defendants' violations as described above are found to be willful;

5.    An award to Plaintiffs and the FLSA and New York Classes for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

6.    That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

7.    An award of reasonable attorney's fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

8.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury

as to all issues so triable.

Dated:  December _ll_, 2012

                                    THE OTTINGER FIRM, P.C.

                                    By:_____
                                         Gregory N. Filosa

                                    20 West 55th Street, 6th Floor
                                    New York, New York 10019
                                    Telephone: (212) 571-2000
                                    greg@ottingerlaw.com

                                    *ATTORNEYS FOR PLAINTIFFS AND*
                                    *THE PROPOSED CLASS*

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against Bombay Palace, Chatwal Hotel & Resorts, LLC, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_____
Signature

_LINCOLN EVEREST_
Print name

_12 / 08 / 201_
Date

_WOODSIDE NY 11377_
City, State, and Zip Code

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against Bombay Palace, Chatwal Hotel & Resorts, LLC, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_____
Signature

_____
Print name    AMRIT  PAL  SINGH

_____
Date    DEC /10 /2012

_____
City, State, and Zip Code    YONKERS, N.Y, 10701

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against Bombay Palace, Chatwal
Hotel & Resorts, LLC, and affiliated agencies and other related defendants in order to
seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §
216(b).  I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_____
Signature

KAZI Mohammad Juddin
Print name

12-10-2012
Date

Woodside. N.y. 11377
City, State, and Zip Code

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against Bombay Palace, Chatwal Hotel & Resorts, LLC, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_____
Signature

Kishore Naik
_____
Print name

10th December 2012
_____
Date

REDACTED        Fairview, NJ-07022
_____
City, State, and Zip Code

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against Bombay Palace, Chatwal Hotel & Resorts, LLC, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_Augustine Gomes_
Signature

_AUGUSTINE GOMES_
Print name

_DEC - 10 - 2012_
Date

_JAMAICA, NEW YORK - 11432_
City, State, and Zip Code