UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LINCOLN EVEREST, AMRIT SINGH, KAZI
MOHAMMAD J. UDDIN, KISHORE NAIK,
AUGUSTINE GOMES, PARDEEP KUMAR,
ROSISELA GONZALEZ, SHIKHAR KARKI,
SABRINA T. MARAJ, SUMAN PATHAK, and
HARMEET OBEROI,

                      Plaintiffs,

         - against -

BOMBAY PALACE, 30 W 52 RESTAURANT,
LLC, 30 W 52 RESTAURANT, LLC, and SANT
SINGH CHATWAL,

                      Defendants.
------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 8/19/2014

**ORDER**

12-cv-9027 (ER)

Ramos, D.J.:

      The above-captioned action is a suit for recovery of unpaid wages and overtime premiums under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law. By letter dated August 14, 2014, the parties informed the Court that they had reached a Settlement Agreement. The letter requested that the Court conduct an *in camera* review of the Settlement Agreement, which includes a provision granting Plaintiffs' attorneys' fees, and issue an order approving the Agreement as fair and reasonable. The parties' application is DENIED on the grounds that (1) they have not provided any documentation permitting the Court to assess the reasonableness of the proposed attorneys' fees, and (2) the treatment of the Agreement's confidentiality provision as part of the consideration for the settlement does not provide a sufficient basis to override the presumption of public access precluding FLSA settlement agreements from being filed under seal. *See, e.g., Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050 (S.D.N.Y. July 2, 2014); *Armenta v. Dirty Bird Grp., LLC*, No. 13-

CV-4603, 2014 WL 3344287, at *1-2 (S.D.N.Y. June 27, 2014); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336-41 (S.D.N.Y. 2012); *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647-48 (S.D.N.Y. 2011) ("[T]his Court joins the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access.").

The parties may therefore proceed in one of two ways, in either case taking action within thirty days of the date of this Order:

(1) They may file on ECF a revised Settlement Agreement that does not include a confidentiality provision, along with a Stipulation of Dismissal to be so ordered by the Court. Plaintiff's counsel shall also submit contemporaneous time records and supporting documentation to allow the Court to assess the reasonableness of the contemplated attorneys' fees.

(2) They may file a joint letter indicating their intention to abandon the settlement and proceed with the litigation.

It is SO ORDERED.

Dated:   August 18, 2014
         New York, New York

_____
Edgardo Ramos, U.S.D.J.